309



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. J. Townsend
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-7507
Re: Is the presence of the District and County Attorneys-
elect, as such, authorized in a grand jury session wherein investigations of criminal violations are being made?

This acknowledges receipt of your letter of recent date which reads:

"Please give me your opinion on the following question:

"Can a grand jury permit the County Attorney-Elect and the District Attorney-Elect to be present in the grand jury room when investigations are being made of criminal violations of the law, when neither party has qualified for his respective office by taking the oath of office or giving official bond? In other words, is it unlawful for these parties to be present when the grand jury is in session and when the grand jury is investigating witness brought before it."

Article 365, Code of Criminal Procedure, states that a portion of a grand juror's oath is that "the State's counsel, your fellows' and your own, you shall keep secret."

Art. 367b, C. C. P., which provides for the appointment of grand jury bailiffs, makes a portion of said bailiff's oath that "you will keep secret the proceedings of the grand jury."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. J. Townsend, page 2

Art. 336, C. C. P., provides for the oath to be taken by a witness who testifies before a grand jury. A portion of said oath is that "you will keep secret all proceedings of the grand jury."

Art. 375, C. C. P., provides that "the attorney representing the State may go before the grand jury at any time except when they are discussing the propriety of finding an indictment or voting upon the same."

In view of the preceding statutes pertaining to the secrecy of grand jury proceedings, and in view of the statute specifically authorizing the appearance before the grand jury of the attorney representing the State, it would seem that a specific legislative authorization would be necessary to allow the District and County Attorneys-elect, as such, to attend sessions of a grand jury. Since we find no law authorizing their presence at said sessions, we conclude that said attorneys are unauthorized persons at those sessions.

Although we find no Texas cases in point, in People v. Munson, 150 N. E. 280, the Supreme Court of Illinois said:

"It is a fundamental element of a grand jury investigation that it be secret. To this end the law refuses to permit one to be in the presence of the grand jury during the investigation who is not legally and properly before it."

"A grand jury is organized for the purpose of protecting citizens from unfounded accusation as well as investigating charges of crime and returning indictments thereon. By reason of the fact that the purpose of such protection may be largely forfeited where the investigations of the grand jury become known, the work of that body is surrounded by secrecy and vested with solemnity. Out of these views has arisen the rule that unauthorized persons may not be allowed to attend upon their investigations." (emphasis added)

In view of the foregoing it is the opinion of this department that the presence of the District and County Attorneys-elect, as

Honorable W. J. Townsend,   page 3

such, in a grand jury session, wherein investigations of criminal violations are being made, is unauthorized and should not be permitted.

        We trust that the foregoing fully answers your question.

                                    Yours very truly,

                            ATTORNEY GENERAL OF TEXAS

        By          *William E. Stapp*
                            William E. Stapp
                                Assistant

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN